UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARIA CLAUDIO, et al.

     Plaintiffs,        05 cv 01875 (RJH)

  - against -

                 **MEMORANDUM OPINION AND
ORDER**

THE CITY OF NEW YORK,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


  Plaintiff Maria Claudio brings her Section 1983 action against the City of New York[1] on

behalf of herself and her minor children.  For the following reasons, defendant's motion to

dismiss is granted.

  According to the Complaint,[2] plaintiff was sentenced to a five year period of probation on

September 23, 1998.  (Compl. ¶9.)  Plaintiff apparently appeared in state court for a number of

probation violations in subsequent years.  (*Id.* at ¶10.)  On March 23, 2003, a state supreme court

judge remanded her into the custody of the New York City Department of Corrections on Rikers

Island, due to what the Complaint describes as her "excusable lateness" to a hearing as a result of

---

[1] The caption of plaintiff's Complaint contains various other individuals, all of whom, however,
have gone unserved, and thus are not parties to this action.  *See Madison v. Mazzuca,* 2004 WL
3037730, at *7 (S.D.N.Y. Dec. 30, 2004).  Furthermore, plaintiff has removed all other
defendants from the caption of her submissions, indicating her intent to dismiss them as parties
to this action.

[2] Plaintiff's counsel has prepared a proposed amended complaint, but apparently refused to serve
it on defendant, despite defendant's explicit lack of consent to service by fax.  (Ex. D to
Declaration of Genevieve Nelson.)  Local Rule 5.3(b) reads in part: "No papers shall be served
by facsimile unless the parties agree in writing in advance to accept service by this means or it is
ordered by the assigned judge.  Without such prior agreement or order, such attempted service
shall be considered void."  The Court will therefore only consider the sufficiency of the original
complaint in this action.

a terror-related closing of the Williamsburg Bridge, and the unspecified "misrepresentations of ADA Leo." (*Id.* at ¶¶12-13.) On April 4, 2003, represented by the same counsel as in the instant action, Claudio was "coerced to plead guilty to violating the terms of her probation," and was sentenced to six months of outpatient drug treatment; she continues to report to the New York City Department of Probation. (*Id.* at ¶¶14-17; Plea Transcript, Ex. F to Declaration of Genevieve Nelson.) There is no indication in the Complaint as whether or not plaintiff made any efforts in state court to set aside her guilty plea and corresponding sentence.

Plaintiff's complaint further alleges that her "remand on March 28, 2003, the six-month incarceration in the drug treatment program and the continuation of Claudio's period of probation past the alleged date of its expiration constitute an illegal seizure of Claudio's person, a deprivation of her liberty without due process of law and cruel and unusual punishment." (Compl. ¶18.)

Claudio's complaint fails to state a claim against the sole defendant here, the City of New York. To hold a municipal entity liable under § 1983 for the unconstitutional acts of its employees, a plaintiff must plead "that his constitutional rights were violated, that the alleged actions by the employees were the result of an official policy, custom, or practice of the municipal defendant, and that the policy, custom, or practice caused the plaintiff's alleged injuries." *Rivera v. City of New York*, 392 F.Supp.2d 644, 656 (S.D.N.Y. 2005).

Thus, in order for the Complaint against the City to survive here, the plaintiff must have included allegations tending to show that an identified municipal practice or policy was the "moving force [behind] the [alleged] constitutional violation." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "[U]nless the plaintiff's rights were violated pursuant to … municipal custom or policy," a theory of City liability will fail, and the Complaint here "contains no such

allegation." *Bodie v. Morgenthau*, 342 F.Supp.2d 193, 206 (S.D.N.Y. 2004) (citation omitted); *see also Walker v. City of New York*, 974 F.2d 293, 301 (2d Cir. 1992) ("The Supreme Court has made clear that § 1983 does not subject municipalities to liability whenever municipal employees go astray.  It is only when the municipality itself wreaks injury on its citizens that municipal liability is appropriate.")  Plaintiff has pled nothing that would indicate the City's responsibility for any deprivation of plaintiff's rights here.  "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Dupree v. City of New York*, 2006 WL 533771, at *2 (S.D.N.Y. Mar. 3, 2006) (citing *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985).)  No practices of the City of New York are even mentioned in the instant Complaint, and even conclusory allegations of official custom or practice will fail to survive a motion to dismiss. *See Brodeur v. City of New York*, 1998 WL 557599 at *7, *9 (S.D.N.Y. Sept. 2, 1998) (dismissing complaint against municipal defendant because "the complaint fails to allege any policy or custom under which unconstitutional practices occurred.  The conclusory allegations in the complaint relate only to how plaintiff was treated, not to any policy or custom affecting the general populace or class of persons."); *see also Smith v. City of New York,*  290 F.Supp.2d 317, 322 (E.D.N.Y. 2003) (conclusory, boilerplate assertion of a municipal policy or custom insufficient to survive motion to dismiss); *Economic Opportunity Comm'n of Nassau County, Inc. v. County of Nassau, Inc.*, 47 F.Supp.2d 353, 370 (E.D.N.Y. 1999) (noting that *Monell* claim will not survive a motion to dismiss with boilerplate assertions of "custom or policy, because plaintiffs "d[id] not proffer any facts in support of the conclusory allegation that

the defendants' conduct amounts to a custom or policy, or that this custom or policy caused the plaintiffs' injuries").

Moreover, from the face of her Complaint, the actors that Claudio alleges are responsible for her constitutional injuries appear to be Assistant District Attorney Leo and the state supreme court judge who remanded her, took her plea, and apparently extended her probation. Issues of *Monell* liability and absolute immunity aside, these individuals are not City actors. A state supreme court judge is, of course, a state actor, as is an assistant district attorney. *See, e.g.*, *Walker* at 301 (noting case law indicating that where district attorneys represent the state in criminal prosecution, "a district attorney's misconduct in prosecuting an individual could not give rise to municipal liability."); *Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir.1988) ("When prosecuting a criminal matter, a district attorney in New York State, acting in a quasi-judicial capacity, represents the State not the county"); *Hrubec v. City of New York*, 1995 WL 422023, at *2, n.1 (S.D.N.Y. July 18, 1995) (noting, in dismissing claim against New York county assistant district attorney in her individual capacity as barred by absolute immunity, that attorney's official capacity would be that of a state government official); *Brown v. City of New York*, 470 N.Y.S.2d 573, 573 (N.Y. 1983) (noting that for issue preclusion purposes, the City of New York and the Queens County District Attorney "are separate entities").

As plaintiff has failed to state a cause of action under Section 1983 against the City of New York, her state law claims will be dismissed as well. *Marcus v. AT & T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."); *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994).

For the foregoing reasons, Defendant's motion to dismiss **[7, 9]** is granted. Plaintiff will be granted leave to amend her complaint in accordance with the principles expressed in this

Opinion **provided** that she submit to the Court within thirty days of this Order a sufficient

explanation as to why her failure to serve the proposed amended complaint in accordance with

Local Rule 5.3(b) was in good faith.

SO ORDERED:

Dated: New York, New York
March 21, 2006

Richard J. Holwell
United States District Judge