UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA CLAUDIO, et al.,

                           Plaintiffs,

                -against-

THE CITY OF NEW YORK and THE WARDEN
OF THE RIKERS ISLAND CORRECTIONAL
FACILITY,

                           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/01

05 Civ. 1875 (RJH)

**MEMORANDUM OPINION
AND ORDER**

Plaintiff Maria Claudio brings suit, on behalf of herself and her minor children, against

the City of New York ("City") and an unnamed Warden of the Rikers Island Correctional

Facility ("Warden"), alleging violations of her constitutional rights pursuant to 42 U.S.C.

§ 1983 and state law that occurred during the course of a state action to revoke a prior

sentence of probation and her subsequent incarceration. On March 21, 2006, this Court

granted the City's motion to dismiss for failure to state a claim pursuant to Federal Rule of

Civil Procedure 12(b)(6) because the Complaint failed to plead any deprivation of plaintiff's

rights by employees of the City. *Claudio v. The City of New York*, 423 F. Supp. 2d 170

(S.D.N.Y. 2006). The Court granted plaintiff leave to amend the Complaint, which plaintiff

did on April 21, 2006. The City of New York now moves to dismiss the Amended Complaint

on grounds largely identical to those in its first motion. For the following reasons, the City's

second motion to dismiss [18] is granted.

## DISCUSSION

Because the background to this case has been set forth fully, *see Claudio*, 423 F. Supp. 2d 170, the Court assumes familiarity and turns directly to the task of analyzing the sufficiency of the claims set forth in the Amended Complaint.

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (quoted in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *see also Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005). When considering a motion to dismiss, a trial court "must accept as true all the factual allegations in the complaint and draw all reasonable inferences in plaintiffs' favor." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 200 (2d Cir. 2006) (internal citations omitted). The court's duty is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Chosun Int'l, Inc. v. Chrisha Creations, Ltd.*, 413 F.3d 324, 327 (2d Cir. 2005) (quotation omitted).

The Amended Complaint names a new defendant identified only as the "Warden of the Rikers Island Correctional Facility." Despite the fact that this Court has previously advised plaintiffs that a failure to serve a named defendant will result in the dismissal of the action with respect to that defendant, *Claudio*, 423 F. Supp. 2d at 171, plaintiffs have failed to serve the Warden. Moreover, plaintiff has failed to state specific claims against the Warden, and her opposition to the present motion to dismiss does not address the Warden's role in the alleged violations of state and federal law. Accordingly, plaintiff's claims against the Warden are dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

With respect to plaintiff's claims against the City, the Court finds that plaintiff has failed to correct the deficiencies of her initial Complaint. Plaintiff has once again attempted to hold the City liable for the actions of two state actors, Assistant District Attorney Leo and the state supreme court judge who revoked her sentence of probation, despite the fact that the Court has already dismissed identical claims. *See id.* at 172. In addition, the Amended Complaint sets forth new allegations against the City based on the actions the New York City Department of Probation, a city actor. Nevertheless, these allegations fail to state a claim upon which relief can be granted for the same reason the initial Complaint failed: plaintiff has not identified a municipal practice or policy that was the "moving force [behind] the constitutional violation," a prerequisite to holding a municipal entity liable under § 1983 for the unconstitutional acts of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). The practice that plaintiff attempts to fit within the parameters of *Monell*'s holding is the Department of Probation's practice of seeking multiple adjournments in probation revocation proceedings in violation of plaintiff's Sixth Amendment right to a speedy trial and New York Criminal Procedure Law section 30.30 and various other provisions of New York law.[1] (Opp'n 3–4.) As evidence of this alleged practice, plaintiff states that "between July 25, 2001 and April 4, 2003, the New York City Department of Probation sought at least 12 adjournments of the proceeding and either refused or was not ready for a hearing" in her case. (Amend. Compl. ¶ 13.) Even assuming that this allegation is true—and the Court is skeptical on that point as plaintiff's own exhibits to the Amended Complaint suggest that she benefited

---

[1] Section 30.30 sets time limits on the prosecution of criminal actions, not hearings on probation violations. Instead, New York courts have stated that the correct standard for hearings on violations of probation is New York Criminal Procedure Law section 410.30, which requires that a court take "reasonable and appropriate steps to cause defendant to appear before it." *People v. Wong*, 692 N.Y.S.2d 904, 907 (N.Y. Sup. Ct. 1999). However, this discrepancy is immaterial to the Court's holding here.

3

from at least two of the adjournments[2]—injuries directed at a single individual, without more, are not sufficient proof of the existence of a policy to survive a motion to dismiss. *See Dupree v. City of New York*, 418 F. Supp. 2d 555, 558 (S.D.N.Y. 2006); *Claudio*, 423 F. Supp. 2d at 172. Accordingly, claims brought against the City pursuant to § 1983 must be dismissed for failure to allege any policy or custom under which unconstitutional practices occurred.

As this Court has previously stated, "where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Claudio*, 423 F. Supp. 2d at 172 (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998)); *see also* 28 U.S.C. § 1367(c)(3). Here, dismissal of plaintiff's state law claims is appropriate because the case is still in the early stages of discovery.

Finally, the Court denies plaintiff's request to file a Second Amended Complaint. Plaintiff has already had one chance to correct the deficiencies in her complaint and has failed to do so. Where, as here, amendment to a complaint would be futile, district courts have discretion to deny leave to amend. *See, e.g., Jones v. NY State Div. of Military and Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999).

## CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss [18] is GRANTED. The Clerk of the Court is directed to close the case.

---

[2] For example, the state court judge stated at the March 28, 2003 hearing that Claudio was not remanded previously so as to give her the opportunity to make accommodations for the care of her children. (Compl. Ex. B, at 3.) At the April 4, 2003 hearing, plaintiff's counsel requested a three-week adjournment to prepare a presentence report to the court concerning drug treatment options. (*Id.* Ex. C, at 5; *see also* Def.'s Reply 7.)

4

SO ORDERED.
Dated: New York, New York
       February 2 8, 2007

<br>

                                    Richard J. Holwell
                           United States District Judge